GOLD v. GOLD.

(Circuit Court of Appeals. Second Circuit. April 10, 1911. On Petition for Rehearing, April 25, 1911.)

No. 226.

1. PATENTS (§ 120*)—PATENT FOR SAME INVENTION—SUIT TO OBTAIN ISSUANCE OF PATENT—DEFENSES.

Where a patent has been granted for specific devices, a second patent to the same patentee, containing generic claims which cover the specific devices of the prior patent, would be void for double patenting, and the applicant cannot maintain a suit, under Rev. St. § 4915 (U. S. Comp. St. 1901, p. 3392), to compel the issuance of such a patent.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 172; Dec. Dig. § 120.*]

2. COSTS (§ 32*)—RIGHT TO COSTS—DISMISSAL OF BILL.

A defendant, who obtains judgment dismissing a bill upon one defense, is not precluded from recovering costs because he has pleaded other defenses, which were without merit.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 108–132; Dec. Dig. § 32.*

Right to costs in equity, see note to Tug River Coal & Salt Co. v. Brigel. 17 C. C. A. 368.]

Appeal from the Circuit Court of the United States for the Southern District of New York.

Suit in equity by Egbert H. Gold against Edward E. Gold. Decree for defendant, and complainant appeals. Affirmed.

See, also, 181 Fed. 544.

On appeal from a decree of the Circuit Court for the Southern District of New York, sustaining a demurrer and dismissing the bill which was filed

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

under section 4915 of the Revised Statutes (U. S. Comp. St. 1901, p. 3392) praying for a decree adjudging that the complainant is entitled to a patent for an invention as to which priority has been awarded to the defendant by the Patent Office, which decision was affirmed by the Court of Appeals of the District of Columbia. The defendant demurred upon several grounds but the court sustained the demurrer and dismissed the bill with costs upon the single proposition that the patent if issued would be void for double patenting. At the request of counsel for both parties, the court took the case upon submission.

Otto Raymond Barnett and Samuel E. Darby, for appellant.

William A. Redding, Arthur C. Fraser, and Henry M. Turk, for appellee.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

COXE, Circuit Judge. Owing to the fact that the briefs discuss a number of propositions which are not directly involved in this appeal, the appearance of unusual complexity is given to what, in reality, is a comparatively simple question.

[1] The bill filed under section 4915 of the Revised Statutes prays that the complainant may be awarded a patent for the invention pointed out in the claims set forth in paragraph VII of the bill. The bill also prays for a decree holding that the complainant was the original and first inventor of the invention pointed out in said claims and is entitled to a patent therefor in the proceedings now pending in the Patent Office. The demurrer presents the question that the so-called generic invention for which the complainant asks a patent is disclosed in patent No. 771,628 of October 4, 1904, attached to the bill, and that if another patent be given the complainant containing the broad claims asked for, the monopoly of the existing patent will be extended after its expiration, and parties making the specific devices released by the expiration of the prior patent may be held as infringers of the broad claims of the proposed patent. In other words, a new patent with broad claims will extend the monopoly of the earlier patent with more restricted claims. That the proposed claims are generic and the existing claims restricted, is alleged repeatedly in the bill. We see no answer to the proposition that the proposed patent would be void for double patenting. If the facts alleged in the bill be correct, the claims of the new patent, if issued, will cover the specific devices covered by the claims of No. 771,628, which devices the public have a right to use immediately after the expiration of that patent.

The Circuit Court was entirely justified in awarding costs to the defendant. It is enough that the demurrer was sustained. The fact that the defendant presented several grounds of demurrer which the court thought untenable is immaterial in view of the controlling fact that the demurrer was upheld and the bill dismissed.

[2] A defendant who obtains judgment dismissing the complaint upon one defense is not precluded from recovering costs because he has pleaded a dozen other defenses which were wholly without merit.

The decree is affirmed with costs.

## On Petition for Rehearing.

We see no occasion for a reargument. The bill as originally filed made the Commissioner of Patents a party defendant and was held multifarious on demurrer as it asked for a decree upon the question of reissue as well as upon that of interference. The bill was then amended by omitting the Commissioner of Patents as a defendant. The defendant again demurred.

The issue presented by the amended bill and demurrer is clear and simple. The demurrer attacked the amended bill in three particulars: First, multifariousness; second, double patenting; third, abandonment.

The court overruled the first and third grounds of demurrer and sustained the second ground with leave to the complainant to amend. The complainant declined to amend, stating in open court that he elected to stand by his amended bill, which was thereupon dismissed.

The only issue before us was whether, if the patent as prayed for in the amended bill were issued, if would embrace the specific devices covered by the patent granted to the complainant in October, 1904. We decided that the Circuit Court was right in holding that it would embrace such devices and would be void for double patenting. We decided nothing else and, under the issue joined by the pleadings, we could decide nothing else. It is said that our decision "is incomplete in that it fails to decide whether or not the bill of complaint can be sustained upon its allegations as to said application for reissue." Counsel do not explain how this issue arises upon an appeal from an order sustaining a demurrer which presents a totally different question.

The reissue question was not passed upon by the Circuit Court further than to say that the allegations in the bill relating to the proceedings in the Patent Office for a reissue though unnecessary, might be proper to negative the inference that the complainant had abandoned his right to a patent for the generic invention. The contention of the demurrer that the bill was multifarious was overruled upon the express ground that the relief prayed for is single, viz., "that the court will direct the patent the complainant has applied for to be issued to him."

The court held further that a reissue could in no event be adjudged by the Circuit Court because the Commissioner of Patents is not a party to the action. It will be remembered that in the original bill the Commissioner was a party and the bill was held multifarious for this reason. The complainant acquiesced in this decision and amended the bill by omitting the Commissioner as a defendant. In other words, the result of his action was to abandon the demand for a reissue by dropping the defendant who was held to be a necessary party in such an action, and proceed upon the cause of action for a patent on the interference alone. The Circuit Court so understood it and ruled accordingly. We affirmed its ruling that if a patent were issued to the complainant it would be obnoxious to the charge of double patenting. We think the confusion has arisen from the fact that the complainant has two antagonistic theories and is unable to determine upon which to proceed. In the action at bar, the bill is clearly for a patent on the

interference only and yet the complainant, apparently, is seeking the same advantages as in the bill which was held to be multifarious by the Circuit Court. It is no part of the duty of this court to advise parties as to the course they are to pursue after our decisions are rendered or to attempt to anticipate the result of future proceedings. Our duty is to decide the issues presented to us upon appeal.

As the complainant seems to be in doubt as to what was decided, we have endeavored at the expense of prolixity and repetition to make plainer what we had supposed was plain before. We treated the bill as the Circuit Court treated it, as demanding the single relief "that the court direct the patent the complainant has applied for to be issued to him." The bill so construed was held bad on demurrer as involving a case of double patenting. On appeal we affirmed this decision. Nothing more can be said.

The petition for a rehearing is denied.