In re HUTTER.

(Court of Appeals of District of Columbia. Submitted Jan. 20, 1925. Decided Feb. 2, 1925.)

No. 1704.

1. Patents ⊜120—Paper patent claims held similar.

Claim describing paper pattern comprising a number of pieces with indications for their use on one side, the print being so heavy and the paper so transparent that such indications might be seen through the paper, *held* properly refused, in view of claim in issued patent similar, except for limitations that the printed side should have a margin and be tinted, to distinguish between the margin and the portion within the margin.

2. Patents ⊜113(6)—Rejection of claim, from which no appeal was taken, not considered on appeal from decision rejecting similar claim on subsequent application.

Correctness of Patent Office decision rejecting claim, from which no appeal was taken, will not be considered on appeal from decision refusing to allow similar claim on subsequent application.

3. Patents ⊜120—Rejection of claim did not entitle applicant to allowance on subsequent independent application.

Rejection of claim did not entitle applicant to allowance of substantially similar claim on subsequent independent application, where allowance would amount to double patenting.

Appeal from Commissioner of Patents.

Application by Francis Hutter for patent. From a decision refusing to allow a claim, applicant appeals. Affirmed.

D. A. Usina, of New York City, and J. H. Milans and C. T. Milans, both of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and BARBER, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. Appeal from a decision of the Patent Office refusing to allow the following claim:

"An article of commerce consisting of a paper pattern for a garment comprising a number of pattern pieces having printed indications for their use on one side, the print being so heavy and the paper being so transparent that such indications may be seen through the paper from the other side."

The position of the Patent Office is that this claim is unpatentable in view of claims, particularly claim No. 5, of applicant's patent No. 1,387,723, granted August 16, 1921, and of which it is contended the present application is a division. Claim No. 5 of the patent reads as follows:

"5. An article of commerce consisting of a paper pattern for a garment comprising a number of pattern pieces having printed indications for their use on one side, the paper being transparent so that such indications may be seen through the paper from the other side, the printed side of the paper having a margin and being tinted to distinguish between the margin and the portion within the margin."

The present claim originally was presented in the application for the patent, but was rejected by the Examiner as not patentable over a previously granted patent to Rich. Thereupon the claim was canceled, but before the patent actually issued the present application was filed. The question, therefore, is whether the present application is for an invention sufficiently differing from that claimed in the patent as to support a separate patent.

[1-3] Claim 5 of the patent, it will be observed, is substantially the same as the claim in issue, except that it contains the limitations that the printed side of the paper has a margin and is tinted to distinguish between the margin and the portion within the margin. In other words, the present claim is broader than claim 5 of the patent, in that it does not contain these limitations. Claim 5 recites that the paper is transparent, so that the printed indications may be seen through the paper from the other side. Nothing more is disclosed or claimed in the present application, and we are constrained to adopt the view of the tribunals of the Patent Office that to allow this claim would be to grant double patenting. The correctness of the decision of the Patent Office rejecting this claim during the prosecution of the patent application is not before us, since appellant failed to prosecute an appeal from that decision. It certainly does not follow that, because the claim was rejected in that application, appellant is entitled to obtain it through the filing of an independent application, the allowance of which would amount to double patenting. See Miller v. Eagle Mfg. Co., 151 U. S. 186, 14 S. Ct. 310, 38 L. Ed. 121.

The decision is affirmed.

Affirmed.