## In re WOODSOME et al.

(Court of Appeals of District of Columbia. Submitted January 11, 1926. Decided February 1, 1926.)

### No. 1783.

1. Patents ⬤⟹120—Applicants not entitled to patent on broad claims canceled from prior application on division being required.

Where applicants for patent involving single inventive idea, on division being required because of difference in scope of claims, canceled broad generic claims and accepted patent based on narrow claims, specific in character, they could not thereafter obtain new patent on broad claims canceled from prior application.

2. Patents ⬤⟹112(2)—Commissioner held not foreclosed, under rule of res judicata, from passing on merits of application.

Action of Examiner in requiring division of claims *held* not to foreclose Commissioner, under rule of res judicata, from passing on merits of subsequent application embodying claims canceled, and denying application on grounds that claims involved only single inventive idea, covered by patent issued.

Appeal from the Commissioner of Patents.

In the matter of the application of John C. Woodsome and another for patent. From a decision of the Commissioner of Patents, denying patent, applicants appeal. Affirmed.

W. R. Rummler, of Chicago, Ill., for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and BLAND, Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. This is an appeal from a decision of the Commissioner of Patents, refusing the claims of appellants' application for a patent, filed on February 1, 1922. The application contains the statement that it is a division of an original application filed by the applicants on June 21, 1921. The invention in question consists of a "steam circulating and regenerating system," and the disclosure of the two applications is identical, both as to drawings and descriptions.

The original application contained numerous claims. Certain of these were specific in character, claiming the steam-using devices as paper-drying rolls. The remaining claims were generic in character, in which the steam-using devices were broadly claimed as "steam-using apparatus," or by some similarly general expression.

The Examiner in charge of the application, whether rightly or wrongly, required division between the two classes of claims, because of their difference in scope. Whereupon the applicants, taking no appeal, canceled the broad claims, and the case went to issue upon the narrow ones. A patent was granted on September 5, 1922.

Before the patent was issued, to wit, on February 1, 1922, the applicants filed their present application, containing the claims canceled from the prior application. The Examiner rejected the claims, with the statement that division could not be made or required on the ground of mere difference in the scope of claims founded on the same apparatus, and that to grant a patent containing the claims would result in two patents upon the same structure, differing in scope only; and later the Examiner again finally rejected the claims, holding that, if allowable at all, they were allowable only in the reissue of the original patent of September 5, 1922. At the same time he made note of the fact that the case was considered out of its regular order, so that the applicants might have time for the filing of a reissue application within two years from the date of their patent, should they elect to take such action. No reissue, however, was applied for.

[1] The decision of the Examiner was affirmed by the Examiners in Chief, and their decision in turn was affirmed by the Commissioner of Patents. These decisions contain a full discussion of the issue, and little need be added here. We agree with the lower tribunals that there was but a single inventive idea, and that it was embodied in a single structure, and accordingly that the applicants are not entitled to extend the period of their patent upon the invention on the ground of a mere difference in the scope of the claims contained in the two applications. Fassett v. Ewart Mfg. Co., 62 F. 404, 10 C. C. A. 441; Otis Elevator Co. v. Portland Co., 127 F. 557, 62 C. C. A. 339; Union Typewriter Co. v. L. C. Smith & Bros. Typewriter Co. (C. C.) 173 F. 288; Morse Chain Co. v. Link Belt Machinery Co., 164 F. 333, 90 C. C. A. 650; Gold v. Gold, 187 F. 273, 109 C. C. A. 615.

[2] Nor do we think that the action of the Examiner, who required division of the claims, served to foreclose the Commissioner under the rule of res judicata from passing upon the merits of the present application. In the case of In re Isherwood, 46 App. D. C. 507, Mr. Justice Van Orsdel, speaking for this court, said:

"Whatever may have been the view of the Examiner in requiring division, the duty of determining the right of appellant to a patent in the present case is clear. The patentability of the present claims may be decided on appellant's patent by the same rules which would be applied to test their anticipation by a patent to another. It is useless to insist that the Examiner must have found in advance, as basis for requiring division, that the longitudinal frame construction and the intercostal frame construction were both patentable; for, assuming that he did, he is not estopped, when later confronted with the respective applications, to hold the one unpatentable, in view of the prior art and the claims upon which the other was patented."

It is well settled that an applicant may not have two patents for the same invention, and, if two such patents are granted, the latter is invalid. It is equally well settled that the objection of double patenting is not avoided merely because the claims are of different scope, and that two patents may be regarded as for the same invention, though one claims only a special machine, and the other claims broadly a genus.

The decision of the Commissioner of Patents is affirmed.