## In re SWAN.
### No. 2593.

Court of Customs and Patent Appeals.
Feb. 11, 1931.

Joseph H. Milans and Calvin T. Milans, both of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellant has filed a divisional application for a claimed improvement in manifolding four-cylinder internal combustion engines. He was allowed, as we are advised, claims 1 to 8, inclusive, while claims 9, 10, 11, and 12 were rejected by the examiner and by the Board of Appeals. In this court the appellant has abandoned all of his claims except rejected claim 9, which is as follows:

"9. The combination with a four-cyclinder engine having suitable inlet ports, of a manifold having a main manifold duct level throughout its length, a straight or substantially straight riser duct adapted to connect the carbureter with the central portion of the main duct and being at right angles, or substantially at right angles thereto, the interior of the connection of the riser to the main duct being at substantially right angles throughout the connection, secondary ducts operatively associated with the cylinder inlet ports to supply fuel mixture to the cylinders through their said ports in keeping with the induction cycles of the four cyclinders, said secondary ducts being at right angles, or substantially right angles to the main duct, a distributing zone being formed at the junction of the main duct and riser, the secondary ducts being parallel, or substantially parallel to each other and perpendicular or substantially perpendicular to the main duct and on the interior making right angle connections with the main duct."

Claim 9 was rejected on reference to a patent taken out by appellant on April 28, 1923, being Patent Office No. 1,536,044. Appellant's device is as fully set forth in claim 9 as is necessary for the purposes of this case. On reference to the former patent to appellant, we find Figure 7 of the drawings picturing a four-cyclinder engine with a manifold constructed in substantially the same way as appellant's manifold in the case at bar. The specification filed in the patent is also broad enough to include such four-cylinder construction.

Twenty-three claims were filed and allowed in connection with said patent, many

of which, notably claims 1 to 8 and 11 to 13, are broad enough to include an engine of any number of cylinders, including four. We quote the first and fourth claims of said patent as illustrative:

"1. A method of distributing a fuel mixture to an engine which consists in moving the mixture in a straight line to a zone from which it is distributed to a plurality of engine cyclinders, and modifying said movement by forces which tend to distribute the mixture uniformly in all directions in a plane transverse to said movement."

"4. A method of distributing a fuel mixture to an engine which consists in moving the mixture in straight line to a zone from which it is distributed to a plurality of engine cylinders, directing said movement by forces which tend to distribute the mixture uniformly in all directions in a plane transverse to said movement, and further directing the movement of the mixture by forces tending to move it successively in a plurality of directions transverse to the original direction, to the cylinders."

It will be observed that these claims are broad enough to include the application of the principle which appellant has invented, to a four-cylinder engine. If appellant is to be allowed claim 9 of this application, it must be upon the theory that there is a patentable distinction between his former patent and this further and more specific claim, and that he further points out in this claim for a new patent some particular application of his general idea to the specific mechanism, namely, a four-cylinder engine.

We are unable to see wherein the appellant has done this in the case at bar. There is nothing in rejected claim 9 which is not substantially covered by claims 1 and 4 of the reference patent. It is not sufficient for appellant to recite that he uses his combination with a four-cylinder engine, and expects to get a specific patent upon this device used with such type of engine, unless he shows further wherein his claim is limited to this type of engine. This has been pointed out, and properly so, by the tribunals of the Patent Office. The appellant has been allowed eight claims in this application, which were framed in such a way as to recite the precise structure which he employed in fitting his manifold to a four-cylinder engine. The rejection of claim 9 by the Patent Office was not based upon the idea that there might not be a patentable distinction between the application of appellant's manifold to a six-cylinder

engine and a four-cylinder engine, but upon the general grounds that claim 9 was not different, in substance, from the patent already granted to the appellant. Appellant may not extend his monopoly in this way. This is the doctrine of In re Isherwood, 46 App. D. C. 507; In re Woodsome, 56 App. D. C. 138, 10 F.(2d) 1003; and In re Hutter, 55 App. D. C. 210, 4 F.(2d) 176.

We are in harmony with the conclusion reached by the examiner and by the Board of Appeals, and the decision of the Board of Appeals is affirmed.

Affirmed.