**In re FORREST.**
**Patent Appeal No. 2678.**

Court of Customs and Patent Appeals.
March 2, 1931.

Miller & Boyken, of San Francisco, Cal. (Charles S. Grindle, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

This appeal involves the consideration of claims for a process or method of pasteurizing dried fruits, particularly raisins. From a decision of the Board of Appeals, affirming that of the Examiner rejecting the claims, appellant has appealed to this court. Claims 1 and 2 of the application are drawn to the pasteurizing step per se. Claims 3 and 4 add to the pasteurizing the step of cooling after the pasteurization. Claims 2 and 3 are regarded as illustrative and follow:

"2. The method of pasteurizing dried raisins which consists of subjecting said dried raisins for a period not in excess of thirty seconds to moist heat in excess of 212° Fahrenheit.

"3. The method of pasteurizing dried raisins which consists of subjecting said dried raisins for a period not in excess of thirty seconds to moist heat in excess of 212° F. while passing through a closed compartment, then passing said raisins through a connecting second compartment during which they are subjected to exhaustion and then discharging them into the atmosphere."

The claims were rejected by reference to the patent of the applicant herein, Forrest, No. 1,607,886, November 23, 1926. In the Forrest patent, supra, the same method is disclosed as in the instant application, with the addition of the fact that it claims the step of cooling the raisins, after the seeding operation, by the use of cool dry air.

The Board of Appeals said:

"While all the claims in the patent are limited to the use of cold dry air in the cooling step, we do not consider this to be patentable distinction over the claims on appeal.

"The novelty in each case appears to reside in the pasteurizing step. We believe the claims on appeal define the same patentable invention as the claims in the patent and particularly as claims 1 and 2 of the patent, which omit the seeding step."

Since we agree with the conclusion reached by the Patent Office tribunals, it would serve no useful purpose to review the arguments made and the decisions cited, and the decision of the Board of Appeals is affirmed.

Affirmed.