**In re PHELPS et al.**

No. 2613.

Court of Customs and Patent Appeals.
March 2, 1931.

GRAHAM, Presiding Judge, dissenting.

Fay, Oberlin & Fay and W. J. Wesseler, all of Cleveland, Ohio, for appellants.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office, affirming that of the Examiner, rejecting, for want of patentability over the prior art, the following claim: "A repair and reinforcing device for grooved side rails of standard wooden window screens, comprising a thin sheet metal liner of channel shape and provided with a re-entrant groove to fit the groove of the side rail, the parallel sides of said channel member overlying and shielding the sides of the side rail and being secured to the solid portion thereof inwardly of the bottom of the groove in the side rail."

The references cited are: Steiner, 826,-384, July 17, 1906; Watson, 1,098,857, June 2, 1914; Hartley, 417,179, December 10,

1889; Reitz, 834,407, October 30, 1906; Wagner, 1,558,728, October 27, 1925.

■ The claim is as will be noted, for a repair and reinforcing device for grooved side rails of standard window screen frames. The specification discloses a channel strip having a re-entrant part adapted to fit over the side rail of the screen frame, with the re-entrant part extending into the groove in the side rail so as to form a metal lining for the groove to receive the tongue on the window frame; the strip, when applied to the side rail, is securely fastened thereto inwardly of the bottom of the groove in the side rail.

The object of the invention is stated in the specification to be:

"The invention relates to window screens shields and guides, and has for its object to provide a device of this character which may be easily and quickly applied to the vertical side rails of a window screen, and to the inner face of a window frame, and comprising a metallic strip having a longitudinally disposed U-shaped bend therein forming a tongue, and which strip is secured to the window frame, for instance between the parting strip and outside strip, or between the parting strip and the inside strip.

"A further object is to provide the side rails of the window screen with a metallic channeled member having a centrally disposed U-shaped bend extending into a channel in the side of the screen frame and in which the U-shaped member carried by the window frame strip is slidably mounted. * * *"

The specification further states:

"It will be seen that the channeled member 9 entirely encases the outer edge of the bar 5, thereby preventing breaking of the flanges of the bar and at the same time rigidly braces the same and prevents water from rotting these parts. It will also be seen that the sliding engagement of the members 7 and 8 will insure a smooth uniform movement of the screen as it is moved upwardly and downwardly, and by extending the channeled member 9 to opposite sides of the screen a smooth sliding surface is provided for engagement with adjacent parts which will reduce the friction to a minimum and will insure an easy sliding of the screen.

"From the above it will be seen that a binding and a guide is provided for a window screen which is simple in construction, may be easily and quickly applied to any part of the window frame opening either between the strips thereof or outside thereof, and the device may be cheaply manufactured and sold."

■ The first question before us is the proper construction of the phrase "A repair and reinforcing device." Appellants in their brief and upon oral argument contend that, inasmuch as no repair devices have been heretofore available of the type involved, there is invention in appellants' device, in that it affords a quick and inexpensive repair for broken screens which renders them better and more serviceable than when they were new. From the fact that appellants' counsel urges as one ground of inapplicability of the references cited that the devices there disclosed were intended to be applied to new screens and not for the repair of old ones, we assume that his position is that the words "repair and reinforcing device" should not be construed as meaning a repair device and also, independently, a reinforcing device, but that said phrase means a repair device that is at the same time and in the same use a reinforcing device. The rule is that, in construing the words of a claim where the language is susceptible of more than one construction, the disclosure of the specification must be resorted to to ascertain the proper construction.

Upon examination of the specification, we find that there is no mention anywhere in it of the device being a repair device, but, on the contrary, the fair construction of the language of the specification is that the device was intended to be used as a reinforcing device to be placed upon new screens, it being referred to in the specification as " * * * *preventing breaking of the flanges of the bar and at the same time rigidly braces the same and prevents water from rotting these parts.* It will also be seen that the sliding engagement of the members 7 and 8 will insure a smooth uniform movement of the screen as it is moved upwardly and downwardly, and by extending the channeled member 9 to opposite sides of the screen a smooth sliding surface is provided for engagement with adjacent parts which will reduce the friction to a minimum and will insure an easy sliding of the screen." (Italics ours.)

We must therefore construe the claim in issue as one for a repair device and also as a claim for a reinforcing device independent of its use for repair.

The Steiner reference relates to an adjustable sliding window screen and discloses a screen having side bars and a sheet of wire fabric secured to the frame formed by the bars. A channeled strip is attached to each side rail of the frame, said channeled strip having a projecting rib or bead to engage in the groove of a guide strip to be nailed to the window frame. At each end of said chan-

neled strip flanges are provided which are integral with the side strips and are bent inwardly at angles to said sides so that one of the flanges will overlap the other; the flanges are secured to each other and tongues are secured to the flanges by means of rivets; the tongues are attached to the frame by means of screws or nails inserted through the tongues and into the frame of the screen. Steiner shows an alternative construction of a re-entrant groove in the channeled strip that would enter a groove in the side rail of the screen if the side rail were provided with such a groove. Steiner's specification states: "The strips or runners 4 are preferably detached from the frame of the screen when the screen is offered for sale. * * *"

The only difference between the device of appellants and that of Steiner, as shown in his alternative form, is the said flanges and tongues, which appellants do not have, and the method of fastening the device to the screen. It is true that it is clear from Steiner's disclosure that he had in mind only a device that would make the screen adjustable to a window opening, and did not have in mind either a reinforcing or a repair device. The fact is, however, that the alternative form of Steiner's device would fit into the groove of the side rail of a screen exactly as does appellant's device, and would serve the same purpose. The question is, therefore, Would there be any invention in using the device shown by Steiner for reinforcing or repairing purposes?

The Examiner in his statement appearing in the record makes the following observation: " * * * A person who made and applied strips as shown by Steiner to pre-existing conventional screen frames and who happened to let beading 5', Fig. 3, project into the existing groove, (and this is shown by Watson), would infringe the claim and render himself liable to being sued for same."

There seems to be no escape from this conclusion, and we feel compelled to hold that there is no invention in applying Steiner's device as shown in his alternative form to the grooved side rail of a screen for the purpose of reinforcing the same; and this is probably true if used for the purpose of repair, although in view of our construction of the claim it is unnecessary for us so to decide. Clearly the method disclosed by appellants of fastening the device to the side rail of the screen does not constitute invention. We are clear that the steiner reference anticipates appellants' claim.

In view of the foregoing it is unnecessary for us to discuss the other references.

Appellants state that there were introduced into the record affidavits showing a large commercial use of their alleged invention, and this is urged upon us as evidence of patentability. The record does not contain any such affidavits and they are not before us. However, if such affidavits were in the record, the rule is well settled that successful commercial use can be considered as evidence of patentability only when the question of patentability is in doubt. In re Ackenbach, 45 F. (2d) 437, 18 C. C. P. A. ——. We have no such doubt, and therefore such affidavits would constitute no evidence of patentability.

The decision of the Board of Appeals is affirmed.

Affirmed.

GRAHAM, Presiding Judge.

I dissent. I do not think the Steiner reference is an anticipation.