## In re ROBINSON.
### Patent Appeal No. 2699.

Court of Customs and Patent Appeals.
April 27, 1931.

Wm. Steell Jackson, of Philadelphia, Pa., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner denying claims 3, 4, 5, 7, 8, and 10 in appellant's application for a patent for an alleged invention relating to

moveable supports for connector heads of train pipe couplings.

Claims 3 and 8 are illustrative. They read:

"3. In an automatic train pipe connector, a head, a carrier therefor having spaced arms rigid with respect to each other, a V-and-wedge joint between each arm and the head, a tie-bolt through each joint, a spring surrounding each tie-bolt and secured thereby to the head and pressing the head and carrier together at the joint, a bracket, and longitudinally resilient supporting connection between the carrier and bracket."

"8. In an automatic connector for trains, the combination of a head, a bracket, a spring and connections between the head and bracket through the spring including a clamp, having a thread of the same pitch and diameter as the spring and side walls tapered in cross-section and means acting transversely of the spring for causing the clamp to grip the spring upon the sides." ·

The references are: Genin, 862,068, July 30, 1907; Westinghouse, 1,120,005, December 8, 1914; Robinson, 1,507,857, September 9, 1924; Robinson, 1,660,766, February 28, 1928; Letord (British), 130,393, 1919.

The involved application is a division of an application filed December 17, 1921, No. 522,983, which matured into patent No. 1,507,857; in which appellant disclosed two species of his invention and was allowed specific claims for one, and other claims sufficiently broad to cover both. In the involved application, appellant seeks an additional patent for the species not specifically claimed in his patent.

Claims 3, 4, 5, and 10 were rejected on the patent to Genin and appellant's earlier patent No. 1,507,857. With reference to these claims, the Board of Appeals said:

"It is sufficient to state that this application is a division of the application from which appellant's patent No. 1,507,857 eventuated and in that patent the V-shaped clamp shown at 13 in Fig. 1 of this application is claimed broadly in a general combination of this nature. In that patent, also, are specific claims covering a structure employing the two spring supports 14 and 15 of the patent instead of the single spring support 7 disclosed in this case. The examiner has taken the position that it does not involve any invention to employ the specific clamp of appellant's prior patent with the structure of Genin which has a single spring support.

"In appellant's brief, page 2, the next to the last paragraph, we find the following:

"'Applicant regards as fundamental that the Office cannot cite against a copending application that species of a patent which was not claimed in it but which was divided out for the application appealed.'

"Appellant's position is clearly not well taken. It is the well settled practice that two patents should not be granted for different embodiments of the same invention unless there is a patentable difference between them. We find nothing in appellant's argument pointing out why the use of the clamp of Robinson's earlier patent in the structure of Genin would involve invention. The brief merely contends that the advantages of both structures result from the combination. It is the well established practice that the mere addition of elements does not produce patentable distinction when no unexpected result occurs or when no difficulty is encountered which requires the exercise of more than mechanical skill. In our opinion if one of the patents relied upon by the examiner had not been appellant's patent, there would have been no reasonable question but that the combination was justified in making the rejection."

■ The Board of Appeals committed no error in its ruling. An inventor may not extend his monopoly by securing the allowance of claims not differing in substance from an issued patent. In re Isherwood, 46 App. D. C. 507; In re Swan, 46 F.(2d) 572, 18 C. C. P. A. ——; In re Peiler, 48 F.(2d) 405, 18 C. C. P. A. ——.

Claims 7 and 8 were rejected on the patent to Westinghouse in view of the patent to Letord. In this connection, the Board said:

"We do not regard the substitution of the usual V-shaped thread structure for the curved shape of Westinghouse as involving a patentable distinction and if additional suggestion is necessary, we regard the structure of Letord as sufficient even if the spring is compressed when it engages this structure."

We are of opinion that the tribunals of the Patent Office were right in holding that the involved claims define nothing of a patentable character over the references of record.

The decision of the Board of Appeals is affirmed.

Affirmed.