## In re FISCHER.
### Patent Appeal No. 2951.

Court of Customs and Patent Appeals.
April 4, 1932.

Albert F. Robinson, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

■ Claims 1 to 5, inclusive, of appellant's application for a patent relating to construction material were rejected by the Examiner, which rejection was affirmed by the Board of Appeals of the United States Patent Office. Claims 2 and 5 are regarded as illustrative, and follow:

"2. Construction material comprising a preformed sheet of bituminous material having weblike strengthening pieces incorporated therein and separated one from another by a substantial thickness of said bituminous material."

"5. Construction material comprising a plurality of water proofing sheets of bituminous material, having incorporated therein roofing scrap of considerable length which present weblike strengthening pieces, said pieces being arranged in segregated and parallel relation to one another and separated by a substantial thickness of bituminous material of which each of the superimposed sheets are formed."

The Examiner rejected the claims on the ground that there was no inventive difference between applicant's patents of record, Fischer, 1,591,968, and Fischer, 1,597,273, and the claims of the pending application.

The Board of Appeals, in affirming the Examiner, said: "It is our view that the claims in this case are directed to the same subject matter as that claimed substantially as broadly in patent #1,591,968, and that the appealed claims were properly rejected on this patent. While some of the claims call for a plurality of sheets in parallel relation, layer formation in expansion joints is acknowledged in the patent to be old and that limitation is not a patentable one."

Appellant argues that the decisions of the two tribunals below are not concurring, and that the rule in Townsend v. Smith, 36 F.(2d) 292, 17 C. C. P. A. 647, does not apply. It seems that both tribunals rejected the claims of appellant's application on the ground that he already had a patent for the same subject-matter, and that there was nothing inventive in the pending application not claimed and granted in appellant's allowed patents. Both rejections were upon the ground of double patenting.

Appellant argues that the invention claimed in the patents is different from that claimed in the application because of the preamble or introductory clauses, and relies upon Schram Glass Manufacturing Co. v. Homer Brooke Glass Co. (C. C. A.) 249 F. 228; Forsyth v. Garlock (C. C. A.) 142 F. 461, and In re Phelps et al., 47 F.(2d) 387, 18 C. C. P. A. 1036. For the reasons assigned by the Board, we disagree with this contention. Appellant further contends that separate office classification is evidence of separate invention. In view of our conclusion, this contention requires no discussion.

On the question of double patenting, appellant cites Traitel Marble Co. v. Hungerford Brass & Copper Co. (C. C. A.) 22 F.(2d) 259. It is claimed that this case is authority for the proposition that the difference between the claims of a pending application and those of a patent granted to the same party need not amount to invention.

■ We think the weight of authority is to the effect that an inventor is only entitled to one patent for one invention, and that he cannot prolong his monopoly by claiming nothing more than the same invention in different language. In re Hutter, 55 App. D. C. 210, 4 F.(2d) 176; In re Woodsome et al., 56 App. D. C. 138, 10 F.(2d) 1003; In re Forrest, 47 F.(2d) 395, 18 C. C. P. A. 1028; In re Laughlin, 48 F.(2d) 921, 18 C. C. P. A. 1239; In re Isherwood, 46 App. D. C. 507; In re Swan, 46 F.(2d) 572, 18 C. C. P. A. 935; In re Peiler, 48 F.(2d) 405, 18 C. C. P. A. 1102; In re Byck, 48 F.(2d) 665, 18 C. C. P. A. 1208; In re Robinson, 48 F.(2d) 931, 18 C. C. P. A. 1271; In re Slepian, 49 F.(2d) 835, 18 C. C. P. A. 1393.

We have examined, with great care, the pending claims and the claims in the patents referred to, and have carefully read and considered the very elaborate brief of counsel for appellant. We have arrived at the same conclusion as that arrived at by the Patent Office tribunals. We think they were clearly right, and the decision of the Board of Appeals is affirmed.

Affirmed.