25 C.C.P.A.(Patents)

## In re BARGE.

### Patent Appeal No. 3930.

Court of Customs and Patent Appeals.

April 25, 1938.

Morrison, Kennedy & Campbell, of New York City (Luther E. Morrison and James E. Curtiss, both of New York City, of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

All of appellant's claims for a patent were rejected by the Primary Examiner of the United States Patent Office, which rejection was affirmed by the Board of Appeals for substantially the same reasons as those assigned by the Examiner. From the decision of the Board, appeal has been taken here. The appealed claims are numbered 13, 14, 15, 16, 19, and 20.

Claim 13 reads as follows: "13. A shoe sole attaching apparatus including, in combination, a base containing a liquid reservoir and having a flexible bed resting on the liquid in the reservoir, means for applying pressure to a shoe positioned on the flexible bed, and a heating element associated with the base and adapted to heat the liquid in the reservoir, said bed being free to conform itself to the shape of the sole of the shoe by the displacement of the liquid when pressure is applied to the shoe, and said liquid serving the two-fold purpose of exerting a uniform pressure at all points on the shoe sole and of transmitting the heat uniformly to the shoe sole throughout its extent."

Appellant makes the following concession: "The remaining claims are subsidiary to claim 13, each adding one or more elements directly related to and which contribute to and further the invention as set forth in claim 13. We are willing to concede that these claims stand or fall with claim 13 and undoubtedly the Solicitor for the Patent Office will welcome the concession."

The references cited are: Jenkins, 21,-424, September 7, 1858; Shaler, 955,479, April 19, 1910; Hulbert, 1,047,060, December 10, 1912; Watts, 1,694,570, December 11, 1928; Lovekin, 1,773,401, August 19, 1930; Walther, 1,828,265, October 20, 1931; Barge, 1,901,546, March 14, 1933.

The application was filed March 13, 1933, and relates to shoe bottom attaching apparatus which consists of a base containing a liquid reservoir having a flexible bed, which bed rests on the liquid in the reservoir. There is also shown a clamping means for holding a shoe on said bed, which means comprises a pressure-distributing member with means for exerting a yielding pressure on the shoe. The application shows a rubber bag for retaining the liquid and an electric heating unit associated with the base and immersed in the liquid. Two modifications are shown, one in which the heating element is not immersed in the liquid, but is mounted in a chamber at the bottom of the base so that the liquid is heated by conduction through the base. Another modification shows the chamber extending into the liquid. In the drawings a conventional make and break type of thermostat is connected with the electric heating element to control the temperature of the liquid. There is also shown a safety feature consisting of a plug through which water is introduced into the base. The specification recites that the plug is of low-fusible metal, so that it "will give way" in event of excessive steam pressure.

The Examiner rejected the appealed claims upon two grounds. The first ground is that the appealed claims call for nothing inventive over the prior art cited. The second ground of rejection is that of double patenting. It was the view of the Examiner that appellant's patent, No. 1,901,546, shows all that the appealed claims call for, except the heating element, thermostat, and fusible plug which certain of the dependent claims cover. It was pointed out that the prior art references showed these features which were not disclosed in appellant's original patent.

In view of the fact that a portion of the prior art is associated with both grounds of rejection it will be necessary for us to set out claim 1 of appellant's patent and to discuss briefly the disclosures in three of the references; Hulbert, Watts, and Lovekin. In view of our conclusion it will not be necessary for us to discuss the references, Jenkins, Shaler, and Walther.

Claim 1 of the said patent reads as follows: "1. A shoe bottom attaching apparatus including, in combination, a base member, a flexible cushion carried by said base member, spring means for exerting pressure on a shoe positioned on the cushion, means including a hand operable lever to tension the spring pressure means, and means acted upon by said pressure means for distributing the pressure over the length of the shoe, the pressure on the entire shoe being exerted solely by the tensioned spring pressure means."

Hulbert has an electrically-generated steam vulcanizer which has a water chamber provided with an electric heating element.

The Watts patent for a percolater shows a compartment for housing an electrical heating unit.

The Lovekin patent shows a low-fusible plug in a water system.

Appellant complains that the tribunals in rejecting his claims have treated his original patent as prior art, although the applications were copending, and urges that the invention of the instant claims was disclosed but not claimed in the patent; that he is therefore entitled to the filing date of the application which resulted in a patent for his reduction to practice; and that the invention here claimed is separate and distinct from that of the patent.

In affirming the decision of the Examiner, the Board said:

"In respect to the question of double patenting, it is found upon inspection of the record of the patent file that no requirement of division or holding of aggregation of any kind was made. Further, on inspection of the claims of the patent it is found that claim 1, for example, includes the combination of the base member and flexible cushion, which in view of the showing, we believe necessarily includes the liquid under it, together with some details of the spring pressed toggle device for exerting pressure on the shoe.

"On inspection of the claims here on appeal, it is found that this is substantially the subject matter of claims 13, 14, 15 and 19.

"On careful consideration, it is our opinion that it is clear that there is no proper line of division between claim 1 of the patent and the claims of this group presented here. We must accordingly hold that the

examiner's rejection on double patenting is properly applied to these claims.

"Claim 20 adds to the combination of claim 13 the thermostat and the fusible safety plug. The patent does not disclose a thermostat and none of the claims of the patent includes the fusible safety plug. It appears, however, that these features do not serve to create a patentable line of division over the claims of the patent. If such features constitute patentability in this relation the fusible safety plug at least should have been included as an element among the claims of the patent. However, neither the thermostat nor fusible safety plug constitutes any invention in this relation since thermostats are commonly used in connection with electric heating devices as shown by the patent to Hulbert in very similar relation and the principle of fusible safety plugs has long been known, an example being Lovekin of record. These two features add only their well known and expected functions in this particular relation. Clearly no invention is involved over the claims of the Barge patent in the addition of these features and further if claims including the fusible safety plug are allowable they should have been included in the patent.

"Claim 16 includes the exterior compartment on the liquid reservoir for containing the heater element. This feature like the thermostat is not shown in the patent and could not have been claimed there but since exterior receptacles in equivalent relation are known as in the patent to Watts, we think invention is not involved in broadly associating this feature with the claims of the patent where no new or unobvious result is accomplished."

It is claimed by appellant in his brief that the application at bar is a division of the matter disclosed but not claimed in the patent. However, appellant in his specification states that the instant application is "a continuation in part" of his "copending application" which eventuated into his patent, supra. The Board stated that no division had been required, and that the claims of the patent (special reference is made to claim 1 thereof) covered substantially the same subject matter as claims 13, 14, 15, and 19 of the application here on appeal, and that as to these claims the decision of the Examiner on double patenting was affirmed. Claim 20, in addition to the elements recited in claim 13, covers the thermostat and fusible safety plug features.

The patent does not disclose or claim a thermostat, and none of the claims of the patent includes a fusible safety plug. While the patent shows a plug for filling and emptying the flexible bag, it is not shown to be a safety device. In view of the thermostat showing of Hulbert and the safety plug showing of Lovekin, it was the view of the Board that it did not require invention to add to the structure defined by claim 13 these additional features.

Claim 16 includes the external compartment on the liquid reservoir for containing the heater element. This feature is not disclosed in the patent, and therefore was not claimed in the patent. The Board concluded that since the patent to Watts shows external receptacles in equivalent relation to that of the application, no invention could rest in this additional feature.

It is difficult to understand how it can be contended logically that appellant can be said to have divided out from his original application a subject matter which he had not therein disclosed. Under the facts above stated, it would seem to follow that appellant's position with reference to the Patent Office tribunals' rejection of the instant case cannot be considered upon the basis of a divisional application.

It is well settled that, in instances like that at bar, where an applicant obtains a patent for one invention related to the same general subject matter as is disclosed in a later filed application, like that under consideration here, he is not entitled to two patents if his disclosure in the later application is not inventive over that for which he has already received a patent. The fact that he files his second application before the issuance of his first patent does not change the situation as long as the second application is not in the nature of a divisional one. Appellant filed his second application one day before the issuance of his patent and Patent Office Rule 164 provides that the applicant or his attorney shall receive notice of the allowance of his patent before the same is prepared for issue, and has six months from the date of such notice to pay the final fee. If the law were otherwise than as is stated, supra, an applicant could secure the allowance of a patent and then later extend the period of his monopoly by adding uninventive features to the claims and secure a second patent therefor with a later date of issue. It is, therefore, settled law that in cases

like the one at bar it is proper to hold the claims of a later filed application unpatentable in view of the prior art and of the claims of the applicant's issued patent. In re Isherwood, 46 App.D.C. 507; In re Swan, 46 F.2d 572, 18 C.C.P.A., Patents, 935; In re Slepian, 49 F.2d 835, 18 C.C.P. A., Patents, 1393.

Appellant, by leave of the court, has filed a supplemental brief which he states is in answer to the question raised by the court as to whether or not his proper procedure to secure protection for the invention which he claims to have made should have been by reissue of his patent. He states that the patent could not be reissued because the invention claimed in the instant application is not the same invention as that claimed in the patent. He also states that the alleged invention at bar was disclosed in his patent but not claimed therein. Appellant asserts that for the alleged invention involved he is entitled to the original filing date of his application which ripened into a patent.

In the supplemental brief, appellant further states: "The invention of the patent and the application are separate and distinct inventions, entirely unrelated except to the extent that both can be embodied in the same apparatus. * * *"

As to the claims covering the elements which appellant states are disclosed in the instant application but not in the original application, and which are relied upon as imparting patentability in the combination covered thereby, it is difficult to understand upon what theory appellant would have been entitled to take the filing date of his original application as the date of his reduction to practice. While the date of his reduction to practice is not important, the argument leads to the conclusion that appellant believes it was not necessary for him to disclose these features in his original application in order for him to be entitled to them in what he regards as a divisional application. Surely, if these features are so immaterial or if their addition to his patent disclosure is so clearly within mechanical skill as not to be required to be disclosed in the original application, they cannot be relied upon now to impart patentability over the elements which were there disclosed and claimed. How can it be argued that in the instant application he disclosed something he did not disclose in the original application which lends patentability to some of the involved claims and at the same time be argued that the subject matter of such involved claims is the proper subject matter for a divisional application?

It will be seen from the above-quoted language of the Board that it approved the Examiner's rejection of claims 13, 14, 15, and 19 on the ground of double patenting based upon what applicant had already received in the claims of his patent, and that it approved the Examiner's rejection of claims 16 and 20 for the reasons stated in the above-quoted discussion of these claims.

We cannot do better than to adopt the quoted language of the Board as to claims 16 and 20. It is obvious that these features were not disclosed and therefore could not be claimed in the application of the patent, and hence could not have been divided out of the same. As to the latter two claims, it seems clear that if there is any invention it would be a separate invention over and above what he had already disclosed and claimed. Since, as before stated, it was proper to reject the claims of a later filed application upon the ground that, in view of what applicant has already received in the way of a patent and in view of the anticipation of the prior art for additional features, no invention resulted, we think the conclusion reached by the Board is proper.

This conclusion makes it unnecessary to further discuss the references on the ground of rejection solely upon the prior art.

The decision of the Board of Appeals is affirmed.

Affirmed.