39 C.C.P.A.(Patents)

### Application of WARREN.

**Patent Appeal No. 5850.**

United States Court of Customs and Patent Appeals.

Feb. 18, 1952.

Smith, Michael & Gardiner, Washington, D. C. (William A. Smith, Jr., Washington, D. C., of counsel), for appellant.

E. L. Reynolds, Washington, D. C. (S. W. Cochran, Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON, and WORLEY, Judges.

JACKSON, Judge.

This appeal was taken from a decision of the Board of Appeals of the United States Patent Office affirming that of the Primary Examiner finally rejecting the sole claim of appellant's application, serial No. D–136,798, for a design for an elbow pipe fitting. The claim reads as follows: "The ornamental design for an elbow fitting, as shown."

This appeal is a companion to Cust. & Pat.App., 194 F.2d 715 and Cust. & Pat. App., 194 F.2d 718.

720

The involved application is one of a group filed by appellant, all of which were held by the examiner to be individually patentable but not patentably distinguishing over each other. Responding to a requirement to elect, appellant elected the design shown in serial No. D–136,800, whereupon that application was withheld from issue pending decision herein.

The rejection of the involved claim was based upon the opinion of the examiner that it failed to distinguish patentably over the elected design, in view of certain illustrations in the November, 1939, and September, 1945 issues of Modern Plastics.

The involved design is an elbow pipe fitting adapted apparently for a piping system. On its two ends are two relatively large cylindrically shaped collars connected by a box-like L-shaped elbow or corner member. On the outermost surface of each of the ends is a round, tapered, webbed boss. The L-shaped member is flat on the top and sides with a curved portion connecting the top with the outer side.

The examiner properly noted that the involved design differs from the elected design only in the form of the end collars and in the way in which the box-like corner edges merge with those collars. He further noted that the end collars of the instant design are shown in the Modern Plastics citations heretofore set out. Therefore, the examiner held that it would not involve invention merely to substitute the collars of the citations for those shown or indicated on the elected design and that the difference caused by the merger of the box-like corner ends with the end collars is but a minor detail not creating any unexpected or distinctive appearance in the design.

 It has been contended by counsel for appellant that the design of the allowed application does not constitute prior art and its use as a basic reference is error. We cannot agree with such contention. In re Slepian, 49 F.2d 835, 18 C.C.P.A., Patents, 1393; In re Barge, 96 F.2d 314, 25 C.C.P.A., Patents, 1058; In re Asseff, 173 F.2d 253, 36 C.C.P.A, Patents, 867.

We are unable to perceive that merely by providing such fitting designs with large cylindrical collars with decorative boxes thereon and merging the box-like corner directly with the collars is novel, nor does it so change the design of the elected application as to create a different and inventive design therefrom.

We recently stated in the case of In re Johnson, 175 F.2d 791, 792, 36 C.C.P.A., Patents, 1175, as follows: "While patentable designs may result from regrouping familiar forms and decorations, the substitution of a slightly different form already in use in articles of the class to which the design is applied, does not merit a monopoly."

That statement we consider apposite here.

We do not deem it necessary to prolong the discussion of the issue and for the reasons hereinbefore set out, the decision of the Board of Appeals is affirmed.

Affirmed.