Alva G. BLANCHARD, Plaintiff,

v.

Robert C. WATSON, Commissioner of
Patents, Defendant.

Civ. A. No. 2390–53.

United States District Court
District of Columbia.

July 26, 1955.

Alva G. Blanchard, pro se.

E. L. Reynolds, Sol., U. S. Patent Office, Washington, D. C., for defendant.

MORRIS, District Judge.

This is a proceeding under Title 35, Section 145, U.S.C. (formerly Section 4915, Revised Statutes), for a determination that a patent should issue on claims 1, 2 and 3 in plaintiff's application for a patent, Serial No. 581,373, filed March 7, 1945, for apparatus in connection with the operation of valves in outlets for steam boilers. The defendant asserts that a patent on such claims should not issue in that they are not patentable over Patent No. 2,199,611, issued May 7, 1940, to the plaintiff and, therefore, would constitute double patenting. The defendant also asserts that the claims here involved are not patentable over Patent No. 683,021, issued to Clark et al. (1901), Patent No. 458,794, issued to McLaughlin (1891), and Patent No. 7,767, issued to Singleton (1877). These last three references were not cited in the Patent Office, but are asserted as authorized by the case of American Steel & Wire Co. of New Jersey v. Coe, 70 App.D.C. 138, 105 F.2d 17.

There can be no serious question that the claims here involved are generic claims, of which the claims in Patent No. 2,199,611 are species claims. It is urged, however, by plaintiff that the three claims here involved are substantially the same generic claims as claim No. 15 in his application, Serial No. 44,988, filed October 14, 1935, upon which Patent No. 2,233,395 issued to plaintiff March 4, 1941, on certain other claims. Pending final action on that application, plaintiff, on April 6, 1940, when it became subject of an amendment to the application, cancelled all claims, except claim 14, stating that "applicant reserves the right to amend the cancelled claims and make them the subject matter of divisional applications." On February 20, 1941, plaintiff filed an application, Serial No. 379,822, which was co-pending with his application, Serial No. 581,373, from

March 7, 1945, until it issued as Patent No. 2,395,212 on February 19, 1946, in which were included claims 8, 9 and 10 that are in substance claims 1, 2 and 3 in the instant suit. It will thus be seen that, from the date of the cancellation of claim No. 15, which the plaintiff insists is the progenitor of his present claims, there was no assertion by the plaintiff of generic claims 8, 9 and 10, which are asserted to be progenitors of the instant claims until February 20, 1941, although patent on the species claims had issued after the cancellation May 7, 1940, and prior to the reassertion of the generic claims similar to the ones here involved.

The law seems to be well settled that no patent on an application with generic claims may issue subsequent to the grant of a patent on claims to one of the included species, unless the generic claims be introduced into the application prior to the issuance of the species patent. The contention of the plaintiff is that his reservation of an intention to amend the cancelled claims and make them the subject of divisional applications kept such claims alive notwithstanding such cancellation. Rule 44 of the Patent Office [1] provides:

"A reservation for a future application of subject matter disclosed but not claimed in a pending application will not be permitted in the pending application."

The plaintiff contends that this rule has no application to subject matter which is not only disclosed, but which is claimed, but he loses sight of the fact that, after cancellation of the claim, the subject matter was disclosed and not claimed, and indeed it was not claimed until after the species patent issued. In this situation, it is clear that a patent cannot now be issued on such generic claims.

The plaintiff insists that the claims here involved are patentable over the three references cited, in addition to his own patent, constituting the prior art in that the claims here involved include elements not present in each of the references cited. It seems, however, that such patents do have elements which perform the functions of the elements in plaintiff's claims, and do preclude the issuance of patents on such claims.

For the reasons stated, the relief sought by the plaintiff cannot be granted.

Counsel will prepare and submit appropriate findings and order to carry this decision into effect.

---

[1]. Now Patent Office Practice Rules, rule 79, 35 U.S.C.A.Appendix.