44 C.C.P.A. (Patents)
### Application of Emil H. BLATTNER.
### Patent Appeal No. 6281.

United States Court of Customs and Patent Appeals.
June 17, 1957.

Wilmer Mechlin, Washington, D. C., for appellant.

Clarence W. Moore, Washington, D. C. (George C. Roeming, Rockville, Md., of counsel), for Commissioner of Patents.

Before JOHNSON, Chief Judge, and O'CONNELL, WORLEY, RICH and JACKSON (retired), Judges.

WORLEY, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office sustaining the Primary Examiner's rejection of claims 11, 12, and 13 of appellant's application for a patent on a Side Bearing, on the ground of double patenting in view of appellant's patent, No. 2,515,853. That patent was granted July 18, 1950, on an application filed June 19, 1948. The appealed application was filed June 16, 1948—three days prior to the application on which the patent was issued.

Since no issues of fact are involved it is unnecessary to consider in detail the inventions to which the application and patent relate. It is agreed, however, that the application and patent disclose patentably distinct *species* of a *generic* invention. The claims of the patent are limited to one species and the application contains allowed claims limited to the other species, in addition to the rejected claims which are generic to both. At the time the patent was granted, the application involved in the instant appeal contained only specific claims, and the generic claims were first inserted almost ten months later.

The sole question is one of law; namely, whether appellant, by taking out his patent containing only specific claims, at a time when he had no application pending containing generic claims, has forfeited his right to obtain generic claims in the appealed application. In answering that question in the affirmative, the Patent Office tribunals relied primarily upon Vapor Car Heating Co. v. Gold Car Heating & Lighting Co., D.C., 296 F. 188, 196, which stated the law to be as follows:

"If the claims be different, and the applications be copending, it makes no difference in which of the two applications the broader claims appear. * * * Therefore the generic claims may issue last, *unless they be for the first time introduced into the subsequent patent after the first have issued,* when it has been held that they are void. Union Typewriter Co. v. Smith, C.C., 173 F. 288. It is not clear when the generic claims were introduced into the later patent in Morse Chain Co. v. Link Belt Machinery Co., 7 Cir., 164 F. 331, 90 C.C.A. 650. If before the specific patent issued, with deference I should doubt its authority in the Second Circuit." (Italics ours.)

The Union Typewriter case, cited in the above excerpt, involved two patents

granted to the same inventor on copending applications, the claims of the second patent having been inserted by amendment after the first patent issued. It was held that if such claims were construed to be generic to the two patents they would be void for double patenting. In so holding, the court quoted with approval the following statement from the decision of the Commissioner of Patents in Jones v. Larter, 92 O.G. 383:

"The presumption of dedication to the public by disclosure in a patent may, it is true, under certain circumstances, be overcome by having a currently-pending application claiming it; but I know of no authority for holding that it is overcome by an application which does not and was not intended to claim it, merely because the claims were inserted therein long after the patent on the other case issues. In the present case Larter could have made the claims of the issue at any time in his original case, and his failure to do so was, according to his own statement, due merely to a mistake as to his right to such claims. This was clearly a case where the claims could only be properly made by reissue, if at all, and this was the view that Larter took of the matter. He apparently did not think of inserting them in this case until six months after his patent issued, and inserted them then only upon the suggestion of the examiner. It was error on the part of the examiner to make the suggestion, since to grant the claims in this case would be in effect to grant a reissue of Larter's previous patent with broader claims, and at the same time extend its term."

The law as to double patenting in situations of the type here is stated as follows in Glascock and Stringham, Patent Law, 1943 (Pacot Publications, Madison, Wis.) Section 2860:

" * * * Under the weight of authority matter shown in a patent but not claimed, is dedicated to the public (as far as the same inventor is concerned), unless on the day of the grant the patentee was claiming the matter in an application pending in the Office. This dedication is not effective against a reissue of the patent."

Similarly in the Manual of Patent Examining Procedure, Second Edition, Section 806.04(i), it is said that:

"Where an applicant has separate applications for plural species, but presents no generic claim until after the issuance of a patent for one of the species, the generic claims cannot be allowed, even though the applications were copending."

To the same effect is the following statement in Walker on Patents, Deller's Edition, page 1283:

" * * * Where a patent has been granted for specific devices a second patent to the same patentee, containing generic claims which cover the specific devices of the prior patent would be void for double patenting (Gold v. Gold, 2 Cir., 1911, 187 F. 273, 274)."

In the recent case of Blanchard v. Watson, D.C.D.C., 132 F.Supp. 744, 745 (affirmed on opinion of District Court by 98 U.S.App.D.C. 208, 233 F.2d 699), the court said:

"The law seems to be well settled that no patent on an application with generic claims may issue subsequent to the grant of a patent on claims to one of the included species, unless the generic claims be introduced into the application prior to the issuance of the species patent."

In the case of In re Muskat, 187 F.2d 626, 38 C.C.P.A., Patents, 909, this court considered a situation in which an applicant, after taking out a number of patents on various species of a generic invention, presented, for the first time, claims generic to such species. In sustaining the decision of the Board of Appeals holding the generic claims barred by double patenting, the court quoted with approval the following from Morse

Chain Co. v. Link Belt Machinery Company, 7 Cir., 164 F. 331, 333:

" * * * This is not a case in which a patentee, having first made application for a patent for a generic invention, has subsequently applied for patents for specific improvements. This is a case in which a patentee, possessed of an alleged generic idea, elected to first apply for a patent for a specific embodiment embracing the essential feature of the generic idea, 'the extended bearing,' and later specifying such essential feature in another specific embodiment, claims that the generic idea growing out of such essential feature, belongs to the later, and not to the earlier, patent. To allow this, it seems to us would be to make the second patent overlap the first, a result that involves the patentee in this dilemma, either that his second patent is not generic in the respect named, or that it is a double patenting."

The foregoing authorities set forth the principle, which we believe to be sound, that an applicant who accepts a patent containing only claims which are limited to a single species cannot thereafter obtain a second patent containing claims generic to that species and one or more other species, unless such generic claims are being prosecuted in a pending application at the time when the patent is granted.

Appellant contends that he is entitled to obtain generic claims in the instant application because it was filed prior to the application on which his patent was granted. As was stated in the Vapor Car Heating Co. case, it makes no difference, so far as the issue of double patenting is concerned, in which of two copending cases the generic claims are inserted. In other words, it appears to be well established that generic claims must be pending at the time the specific patent issues. Here that is not the case because the generic claims were not presented until nearly ten months later, consequently, the earlier filing date of the application in which they were inserted is of no benefit to appellant.

Appellant also urges that since the appealed application was not in condition for allowance at the time the generic claims were inserted, such insertion would not have delayed the issuance of a patent on that application if no rejection on the ground of double patenting had been made. However, since appellant delayed presentation of the generic claims until almost ten months after his patent was issued, it is evident that a substantial extension of his monopoly on the patented invention would have resulted, even if those claims had been allowed as presented and a second patent containing them had been promptly issued. Moreover, it is to be expected that insertion of new and broader claims into an application at an advanced stage of its prosecution will materially delay the issuance of a patent on the application. Accordingly, the withholding of the presentation of generic claims in one application until after a patent has been issued on another application containing claims limited to a species of the genus would make some extension of monopoly inevitable, and a very considerable extension probable if a second patent, containing generic claims, were granted.

Appellant has already received patent protection on the species of his invention claimed in his patent since July 18, 1950. The issuance of a second patent on the instant application, containing the appealed claims, would extend his protection on that species by at least seven years, and that extension would be due, at least in part, to appellant's failure to assert generic claims sooner.

We agree with the board that allowance of the appealed claims would result in double patenting. The decision appealed from is accordingly affirmed.

Affirmed.

JACKSON, J., retired, recalled to participate herein in place of COLE, J., absent because of illness.