22 C. C. P. A. (Patents)

## In re CARLTON.

### Patent Appeal No. 3471.

Court of Customs and Patent Appeals.

May 27, 1935.

Paul Carpenter, of New York City (J. T. Basseches, of New York City, of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claims 44 to 47, inclusive, in appellant's application for a patent for an alleged invention relating to a waterproof adhesive or binder, for bonding grit to a "grit abrading surface."

Claims more specific than those here involved were allowed.

Claim 44 is illustrative of the appealed claims. It reads: "44. A waterproof adhesive for bonding grit to a grit abrading surface, forming with such grit a flexible waterproof abrasive article, said adhesive including a cellulosic compound and a solvent in proportion for spreading the abrasive thereon, and including a modifying agent which retards the setting of the cellulosic compound and separation of said solvent, permitting incorporation of said abrasive, and which lends tenacity, flexibility and solidity to said cellulosic compound when set, so that the adhesive retains its bonding effect even when subjected to moisture and friction."

Claim 33 is illustrative of the allowed claims. It reads: "33. A waterproof binder for sandpaper which includes substantially forty parts of a solution of a cellulosic compound, three parts of resin, and one part of gum camphor and two parts of an oil."

The reference relied upon is appellant's prior patent: Carlton, 1,736,964, November 26, 1929.

The claims were rejected by the tribunals of the Patent Office on the ground that they were not inventive over some of the claims of appellant's prior patent. That is to say, they were rejected on the ground of "double patenting."

In its decision, the Board of Appeals stated:

"On a prior appeal the rejection of certain claims, designated 25, 26, 42 and 43, was affirmed by the Board of Appeals. The rejection was made under the provisions of Rule 139 on the ground of double patenting, the claims not being considered patentable to applicant in view of certain claims allowed in his patent No. 1,736,964. On a further prosecution before the examiner, the claims here on appeal have been rejected for the same reason that they would amount to double patenting in view of appellant's patent.

"Appellant argues that the limitations now in the claims, taking claim 44 for example, have a qualification for the proportion of the solvent that it is 'in proportion for spreading the abrasive thereon.' It is stated that these qualifications of proportion of the solvent were not present in the claims previously appealed and are not present in any of the claims referred to in applicant's issued patent.

"It is noted, for example, that in claim 33 of the patent there is included a high boiling solvent for retarding the evaporation thereof and by which an even spreading of the film is secured. It is our view that this limitation in claim 33 has the same significance as providing a solvent in proportion for spreading the abrasive thereon. Further, it is our view that the presence of these elements included in the claims and the proportions designated as is done in these claims is but carrying out the purpose described and intended in the patent of applicant and that such limitations as are set out in these claims are necessarily contemplated and included in the patent already secured by appellant."

Appellant's patent, No. 1,736,964, related not only to an adhesive or binder, the subject-matter of the appealed claims, but also included in combination such adhesive or binder, "a flexible backing," and abrasive grains attached to the backing by means of the adhesive or binder.

Claim 33 of appellant's patent, used as an illustration by the Board of Appeals, reads: "33. An abrasive product comprising a flexible backing having abrasive grains attached thereto by a film which is resistant to water, such film being deposited from a slow evaporating nitro-cellulose composition in solution with a low boiling solvent, a high boiling solvent for retarding the evaporation thereof and

by which an even spreading of the film is secured, a resin for giving body to the composition, benzol, which forms a solvent for the resin, and a plasticizer for imparting permanent toughness and flexibility to the film."

It will be observed that, whereas appellant is claiming in the present application a particular waterproof adhesive or binder "for binding grit to a grit abrading surface," as more particularly defined in the appealed claims, the claims of his patent relate to an article of manufacture including in combination the elements hereinbefore stated.

The sole question at issue, therefore, is whether the appealed claims are patentably distinct from the claims of appellant's patent. If they are, appellant is entitled to a patent, and the decision of the Board of Appeals should be reversed. If they are not, the decision of the board should be affirmed.

It is obvious from an examination of appellant's patent that it relates to an entirely different article of commerce than that defined by the claims here involved; viz., an abrasive product which comprises in combination at least three separate and distinct elements, and, in addition to the composition of matter involved in this appeal, includes a "flexible backing" and "abrasive grains."

It may be that the invention defined by the appealed claims could not be used, except in combination with the other elements referred to in the claims of the patent. It may be observed, however, that such might be the case with the invention defined by the allowed claims in the case at bar.

The Solicitor for the Patent Office has cited the case of In re Lawrence Byck, 48 F.(2d) 665, 18 C. C. P. A. (Patents) 1208, in support of the proposition that the patented combination in appellant's patent is not a separate invention from that here involved.

We are of opinion that the decision in the case cited is not in point. It there appeared that the appellant had received a patent for a composition of matter, and was then insisting upon the issuance of a patent for the use of that composition. The court held that the obvious use of a patented invention did not entitle one to a patent for such use.

We deem it unnecessary to cite authorities in support of the proposition that a party might be entitled to a patent for "a combination," because of the cooperation of the elements contained therein, and at the same time be entitled to a separate patent for one of the elements of the combination. Such, we think, is the situation confronting us here.

We are of opinion, therefore, that the mere fact that appellant included in his patented combination the element or composition of matter here involved, does not preclude him from receiving a patent for the composition of matter defined by the appealed claims.

There has been some discussion in the briefs of counsel for the parties relative to the legal effect of the requirement of division between the claims of the Carlton patent, and the claims of the present application, because division was required between the claims of appellant's patent and the subject-matter defined by the appealed claims.

The Solicitor for the Patent Office relies upon the case of In re Isherwood, 46 App. D. C. 507, in support of the proposition that, under the circumstances in the case at bar, the requirement of division has no bearing on the question at issue. It may be said in this connection that there are exceptions to the rule announced in that case. See In re Walter H. Cady, 77 F.(2d) 106, 22 C. C. P. A. (Patents) —.

For the reasons herein stated, the decision of the Board of Appeals is reversed.

Reversed.