## In re LAND.
### Patent Appeal No. 4241.

Court of Customs and Patent Appeals.

Feb. 5, 1940.

Donald L. Brown, of New York City (Brown & Jones, of New York City, of counsel), for appellant.

Howard S. Miller, of Washington, D. C., for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

The appeal in this case and a related appeal, 109 F.2d 246, were argued together, by reason of the close similarity of the issues presented. We think it necessary in considering the several issues presented in the two appeals to render two opinions.

The appeal in the instant case is from the decision of the Board of Appeals of the United States Patent Office, affirming the decision of the Primary Examiner in his rejection of claims 11 to 15, inclusive, in the instant application, serial No. 96,-197, filed August 15, 1936, which is a division of another application, serial No. 714,-239, filed March 6, 1934, which ripened into patent No. 2,099,694, issued November 23, 1937.

Claim 11 is illustrative of the subject matter and follows: "11. In a device adapted substantially to eliminate glare from the headlights of automobiles and the like, in combination, means cooperating with the headlights to emit circularly polarized light, and a cooperating visor for viewing said emitted beams comprising an analyzer for circularly polarized light comprising a plurality of adhesively united set sheets of plastic, one of said sheets comprising birefringent material, another of said sheets comprising oriented polarizing particles dispersed throughout said sheet, said visor being positioned with said birefringent sheet between the other of said sheets and said headlights whereby said visor is substantially opaque to the light emanating from said headlights, the transmitting surface of the birefringent sheet being positively affixed to the adjacent surface of the sheet comprising polarizing particles by a transparent cement."

The references relied upon are: Cooke (British), 365,507, January 21, 1932; Zocher, 1,873,951, August 30, 1932; and Land et al., 1,918,848, July 18, 1933. The patent to Land (applicant), 2,099,694, November 23, 1937, is also referred to for what is claimed therein, the application thereof being the parent of the instant application.

The applicant describes the alleged invention in the following apt language, omitting references to pages of the record: "The application on appeal relates to optical systems employing circularly or elliptically polarized light in connection with the elimination of glare from the headlights of automobiles and the like. The application describes generally an optical system in which the headlights of all motor vehicles are equipped with screens or filters to circularly polarize the light emitted from the headlights. The windshields of the vehicles, or viewing visors provided adjacent

the windshields, are equipped with analyzers for circularly polarized light. These analyzers are of such a character as to block light, emanating from the headlights of approaching vehicles, which has been suitably circularly polarized and which impinges directly upon the windshield or viewing visor."

The Patent Office required division of the instant claims from other claims in the said copending application which ripened into patent No. 2,099,694. Certain claims of said patent are for the circular polarizing element per se. This element was regarded by the Patent Office tribunals as new and inventive and the claims defining the same were allowed. The instant claims call for a combination of the said new and useful polarizing element, for which appellant was granted a patent, with other old elements in the optical system which the claims on appeal attempt to cover. Certain allowed combination claims in said patent are for polarizing light in a device or system relating to stereoscopic motion pictures.

The appealed claims were rejected on the British patent to Cooke either alone or in view of Zocher or Land et al. The claims were also rejected because they call for a combination including as an element the polarizing means patented to applicant in patent No. 2,099,694. It was the position of the Patent Office tribunals, in substance, that notwithstanding the requirement for division, the combination claimed in the instant appeal was not inventive; that the only thing novel which appellant had invented in connection with the appealed claims was the polarizing element per se; and that since appellant had already been given a patent for everything that was inventive, the claims were not allowable.

· Appellant in an elaborate brief charges the Patent Office with inconsistency in requiring a division, which suggests two separate inventions, and in then rejecting the claims upon the ground that there is but one invention. The question of the propriety of said division requirement is not challenged in this action. Appellant argues as follows:

"* * * The situation is one, therefore, in which applicant has been denied claims *because they are not presented in the same application as claims allowed to him* despite the fact that he originally did present the rejected claims in the application with the allowed claims, and despite the fact that he was compelled to file a new application covering the rejected claims because of a requirement for division. We say that if applicant had elected to prosecute the claims to the headlight glare elimination instead of the claims to the stereoscopic picture projection, the claims here on appeal would have been allowed and would have been found in patent 2,099,-694 instead of claims 3 to 11 inclusive of that patent. [Italics ours.]

"This is not the first time that the Patent Office has forced an applicant, through a requirement for division, to file separate applications for separate groups of claims originally present in the same application and then has rejected one group upon the other group because of an alleged lack of invention of one group over the other group."

It will be noticed that appellant stresses the argument that the appealed claims should have been allowed either in this application or in the parent application. As to whether or not there should have been a requirement for division we are not here concerned, the sole question being: Should the claims at bar be allowed in the instant application? Appellant did not appeal to this court from the requirement of division as he had the right to do.

We have studied appellant's brief carefully and find no intimation that he claims that there is any new cooperative relation between his polarized light and the other elements of the claims, not shown by the prior art. If there is none, then the claimed combination is not inventive.

█ Appellant complains that the Patent Office has used his own patent, which grew out of the parent application, as prior art. We do not so understand the holding of the tribunals. In circumstances like those at bar, it has been frequently held that in determining whether or not claims of one application are patentable, it is proper to consider the prior art and the claims of any patent which has been issued to the applicant. In re Barge, 96 F.2d 314, 25 C.C.P.A., Patents, 1058. Otherwise, if what appellant has already been given is not taken into consideration, and the instant claims be allowed, appellant would have a patent for a combination which is not inventive, though presumptively inventive, in which his only contribution as an inventor consisted of an inventive element for which he had been rewarded. In other words, it seems to us that this is anoth-

er way of stating that appellant would have two patents for the same invention and that, therefore, double patenting would exist.

The appellant states that the established practice in the Patent Office, under circumstances of this kind, is to allow combinations of the new inventive element in the same application as the new inventive element and his counsel ask: "Why should this applicant be denied the type of protection which has previously been granted to others?" If the Patent Office is right (and we think it is) in the rejection of the instant claims, appellant would have no more protection if the claims were allowed him than is afforded by the claims in his issued patent.

It seems that the gist of appellant's argument is that the Patent Office, having once required division upon the presumed theory that there were two inventions, ought not to be heard later to say that there is but one invention. As before stated, we are not concerned with the question of the correctness of the requirement for division and in other cases we have pointed out the anomalies that frequently result from divisional requirements. In re Ferenci, 83 F. 2d 279, 23 C.C.P.A., Patents, 1023. Whether division was properly required or not in the instant case cannot, we think, influence the decision of the question as to whether or not, in view of all the circumstances of record, appellant should be allowed the claims on appeal.

Appellant relies very largely for supporting authority upon In re Carlton, 77 F.2d 363, 365, 22 C.C.P.A., Patents, 1223. In that case the claims to a patentable element forming part of a patentable combination were before the court, while the claims relating to a combination which included the patentable element had already been allowed by the Patent Office. The situation is reversed here. The element claims were allowed and the combination claims at bar rejected. In that case we said:

"It will be observed that, whereas appellant is claiming in the present application a particular waterproof adhesive or binder 'for binding grit to a grit abrading surface,' as more particularly defined in the appealed claims, the claims of his patent relate to an article of manufacture including in combination the elements hereinbefore stated.

"The sole question at issue, therefore, is whether the appealed claims are patentably distinct from the claims of appellant's patent. If they are, appellant is entitled to a patent, and the decision of the Board of Appeals should be reversed. If they are not, the decision of the board should be affirmed.

"It is obvious from an examination of appellant's patent that it relates to an entirely different article of commerce than that defined by the claims here involved; viz., an abrasive product which comprises in combination at least three separate and distinct elements, and, in addition to the composition of matter involved in this appeal, includes a 'flexible backing' and 'abrasive grains.'

"It may be that the invention defined by the appealed claims could not be used, except in combination with the other elements referred to in the claims of the patent. It may be observed, however, that such might be the case with the invention defined by the allowed claims in the case at bar.

"The Solicitor for the Patent Office has cited the case of In re Lawrence Byck, 48 F.2d 665, 18 C.C.P.A. (Patents) 1208, in support of the proposition that the patented combination in appellant's patent is not a separate invention from that here involved.

"We are of opinion that the decision in the case cited is not in point. It there appeared that the appellant had received a patent for a composition of matter, and was then insisting upon the issuance of a patent for the use of that composition. The court held that the obvious use of a patented invention did not entitle one to a patent for such use.

"We deem it unnecessary to cite authorities in support of the proposition that a party might be entitled to a patent for 'a combination,' *because of the cooperation of the elements contained therein, and at the same time be entitled to a separate patent for one of the elements of the combination.* Such, we think, is the situation confronting us here. [Italics new here]

"We are of opinion, therefore, that the mere fact that appellant included in his patented combination the element or composition of matter here involved, does not preclude him from receiving a patent for the composition of matter defined by the appealed claims."

It seems so clear that In re Carlton, supra, is not supporting authority for appellant's contentions that extended discussion of the subject is not here required. In that case the combination claims were allowed. We held that the applicant there was entitled to a patent on his new element irrespective of the allowed combination claims which presumptively covered a new and inventive combination. They were not before us and whether there was any new cooperative relation between the elements of the claims and the new inventive element therein contained was a matter with which we were not concerned. Of course, under those circumstances, which were unlike those at bar, appellant was entitled to a patent with claims for the inventive element per se.

As we see it, it is unnecessary to discuss at length the references because there is no serious contention here that the combination is new in view of the prior art. It is true that the prior art did not show the combination with appellant's new polarized light, but it did show the same combination with other lights over which appellant's light was patentable. Appellant argues that Cooke's polarizing light means consists in part of stacks of glass plates not found in appellant's light means and then appellant makes the following concession: "We concede that what applicant has done and what is claimed in the claims here on appeal is the use of the polarizer patented to applicant in patent No. 2,099,694 in the optical system described in the Cooke patent. As we shall show, such a use is clearly patentable under the circumstances presented here."

He argues then that the claims would have been allowed if left in the parent application and that since they were divided out as separate inventions they should be allowed in the instant application.

We have examined the cases cited by appellant, including In re Cady, 77 F.2d 106, 22 C.C.P.A., Patents, 1190, and In re Ferenci, supra. None of them supports appellant's contentions. In re Ferenci, supra, was a case involving a requirement for division and we think certain phases of it are particularly applicable to the issues at bar and support the position which we here take. We there quoted from an article by C. H. Pierce appearing at page 465 of the Journal of the Patent Office Society, vol. 1, No. 9, as follows: "It is believed to be the more modern doctrine and practice that where an element or subcombination which is claimed in the same case with a combination of which it forms a part, even if that combination be new, is clearly capable of use apart from the combination and in other relations and not restricted in its design, operation and capabilities to use therewith, and if in addition there is a developed state of the art in relation to it, constituting a different field of activity and search, division may be required without awaiting determination of the novelty of the combination."

That case had relation to the requirement of division, but nevertheless certain language used therein supports the views herein expressed with respect to a claim covering an old combination but having a new element as a part of such combination.

It is our view, and we so hold, that the board correctly affirmed the decision of the examiner in rejecting the claims on appeal for the reasons of record. The decision of the Board of Appeals is affirmed.

Affirmed.